HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

DONDANOVA DOMINIQUE LEWIS,

Defendant.

Case No. 2:10-cr-00069-RAJ

**ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING**

## I. INTRODUCTION

Before the Court is Defendant Dondanova Lewis's motion for resentencing under the First Step Act of 2018. Dkt. # 46. For the reasons below, the motion is denied.

## II. BACKGROUND

Between May and July 2006, Lewis's vehicle was stopped on two occasions resulting in officers finding 23.6 net grams of cocaine base during the first stop and 44.8 net grams of cocaine base and a loaded firearm during the second stop. Dkt. # 30. After he was charged in a four-count federal indictment, Lewis pled guilty on July 26, 2010 to two counts of possession with intent to distribute 5 grams or more of a cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and one count of possession of a firearm as an armed career criminal in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(2). Dkt. # 28, 30.

The plea agreement reflected a resolution reached with respect to cases then pending against Lewis in both state and federal court. *Id*. In addition to pleading guilty to the three

ORDER – 1

federal charges, Lewis pled guilty in King County Superior Court to a reduced charge of assault in the second degree with a firearm enhancement with an agreed 120-month sentence. *Id.* at 8. As part of the agreement, the 120-month sentence would run consecutive to an 84-month state sentence Lewis was already serving for charges related to a vehicular assault and felony hit and run. *Id.*

Furthermore, as a part of his plea agreement, Lewis acknowledged that based on his criminal history, he qualified as an armed career criminal under federal statute 18 U.S.C. § 924(e)(2). *Id.* at 3. The parties jointly recommended that this Court impose a sentence of 188 months of imprisonment for the federal charges and requested that this Court direct that the sentence in this case be served concurrent with the sentence to be imposed in King County Superior Court following his plea to the assault charge. *Id.* at 5-6. The parties further recommended that the sentence for the federal offenses be imposed consecutive to the 84-month state sentence for charges related to the vehicular assault and felony hit and run. *Id.* Based on these promises, the United States agreed not to file a penalty enhancing information alleging any of Lewis' prior felony drug convictions, thereby limiting the mandatory minimum prison sentences that would have be applicable. *Id.* at 7. Lewis also agreed to waive any rights pursuant to 18 U.S.C. § 3742 to appeal any sentence imposed provided that the Court impose a custodial sentence within or below the joint recommendation of the parties. *Id.* at 8-9.

### III. DISCUSSION

#### A. First Step Act

On December 21, 2018, the First Step Act of 2018 became law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018). Section 404 of the First Step Act of 2018 ("First Step Act") makes retroactive the portions of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") that lowered the statutory penalties applicable to certain offenses involving cocaine base (crack cocaine) as of August 3, 2010. *Id.* Section 404 provides:

ORDER – 2

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

Before the enactment of the Fair Sentencing Act, the statutory penalties for an offense involving 5 grams or more of cocaine base included a mandatory minimum term of imprisonment of five years and a maximum term of imprisonment of forty years. 21 U.S.C. § 841(b)(1)(B). Section 2 of the Fair Sentencing Act changed the threshold quantity for this provision to 28 grams of cocaine base.[1] Fair Sentencing Act, 124 Stat. 2372 § 2. After the enactment of the Fair Sentencing Act, offenses involving anything less than 28 grams of cocaine base were subject to the penalties set forth in 21 U.S.C. § 841(b)(1)(C).

---

[1] Section 3 eliminated a mandatory minimum sentence for simple possession of cocaine base. *See* Fair Sentencing Act, 124 Stat. 2372 § 3. The Court finds that only Section 2 of the Fair Sentencing Act has any application to Lewis's motion.

ORDER – 3

Section 841(b)(1)(C) does not contain any mandatory minimum penalties and provides for a statutory maximum penalty of twenty years of imprisonment. Where a penalty-enhancing information is filed pursuant to 21 U.S.C. § 851, the statutory maximum is a 30-year prison term.

Section 404 of the First Step Act makes clear that any reduction in a defendant's sentence pursuant to this section is discretionary. First Step Act § 404(b) (providing that a court "may" impose a reduced sentence); *id.* § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Moreover, the First Step Act does not plainly call for plenary resentencing. Although Section 404(b) of the First Step Act provides the express statutory authorization required to modify an imposed term of imprisonment under § 3582(c)(1)(b), the Supreme Court has already held that a defendant is not entitled to a resentencing proceeding under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (concluding that § 3582(c)(2) by its terms does not authorize a sentencing or resentencing proceeding, but instead provides for the modification of a term of imprisonment by giving courts the power to "reduce" an otherwise final sentence in circumstances). Accordingly, because this is not a plenary resentencing, the Court is not required to hold a hearing where the defendant is present. *See* Fed. R. Crim. P. 43(b)(4).

### B.    Application of the First Step Act to Lewis's Convictions

Here, the First Step Act only applies to Count 1 for possession with intent to distribute 5 grams or more of a cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).[2] Because the amount of cocaine base involved in Count 1 was 23.6 grams, Lewis would only have been subject to the penalty provisions in 21 U.S.C. § 841(b)(1)(C) if Section 2 of the Fair Sentencing Act had been applied at his sentencing. As noted earlier,

---

[2] The Fair Sentencing Act has no impact on Count 3, the second count charging a cocaine base offense, since the 44.8 net grams of cocaine base continues to trigger the statutory penalties in 21 U.S.C. § 841(b)(1)(B).

ORDER – 4

the applicable penalties in Section 841(b)(1)(C) do not contain any mandatory minimum penalties and provide for a statutory maximum penalty of twenty years of imprisonment.

In deciding how to exercise their discretion and determine the extent of a sentence reduction under the First Step Act, courts should consider the factors set forth in 18 U.S.C. § 3553(a), which requires consideration of the applicable guideline range as well as all other pertinent information about the offender's history and conduct. *See United States v. Holloway,* Case No. 07-cr-00344 CW, 2019 WL 3413278 (N.D. Cal. Jul. 29, 2019); *United States v. Marin-Torres*, Case No. 2:09-CR-262-RSL, 2019 WL 3253261 (W.D. Wash. Jul. 19, 2019); *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568 (E.D. Wash. Jun. 6, 2019).

In this case, this Court imposed a 188-month sentence that was both recommended and agreed upon by the parties in a global attempt to resolve charges in state and federal courts concerning a broad range of criminal conduct. Moreover, after taking into account the applicable guideline range and Lewis's criminal history, which include numerous drug offenses, assault, and burglary, the Court declines to exercise its discretion to reduce Lewis's sentence. *See* First Step Act § 404(c).

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Lewis's motion. Dkt. # 46.

DATED this 23rd day of August, 2019.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5